McKinney, J.
delivered the opinion of the court.
This is a suit, in the nature of an action of trover, commenced before a justice of the peace, to recover dam *390 ages for the fraudulent conversion of sundry articles of wearing apparel, and trinkets contained in a box, which was delivered to the plaintiff in error, to be by him conveyed to Pulaski, in this State, for the defendant in error, to whom they belonged. The box had been left in charge of the proprietor of the “Sewanee House,” in Nashville, by the defendant in error, who was' on a journey, to be forwarded to him at Pulaski: and the plaintiff in error, who is a resident of the latter place, being on a visit to Nashville, received and undertook to convey said box, and deliver the same to the keeper of a public house in Pulaski, for the defendant, who was absent in the western district of this State. He failed to deliver said box, and denied having ever received it; and the same, and also the contents thereof, have been wholly lost to the defendant in error.
The proof in the record is plenary as to the fact of the delivery of said box to the plaintiff in error, at the “ Se-wanee House,” and his undertaking to convey, the same to Pulaski; but there is no legal proof whatever in relation to the contents of the box, or the value thereof, or that in fact it contained any of the articles specified in the warrant — the witnesses, who deposed on the trial, having no knowledge or information in regard to that matter. For the purpose of proving the contents of the box, and their value, as set forth in the warrant, the deposition of the defendant in error, who is an inhabitant of Ashville, North Carolina, was taken, and read to the jury on the trial in the court below: but being objected to, on the ground that the certificate of the justice was defective, it was, by direction of the court, withdrawn from the jury.
*391 The court instructed the jury, that “ if they found from the proof before them, that defendant had received said box and articles, and had fraudulently converted or appropriated the same to his own use, thereby withholding from the plaintiff, through the defendant’s fraudulent act, the evidence of plaintiff’s property and its value, that then the burden of proof as to the value of the box and articles, would be thrown upon defendant, and if he failed to exhibit them, or prove their value, that then the jury might charge him in their verdict, in such sum as they thought would do justice to the plaintiff, for which purpose they might look to the value of the articles, as laid in the warrant, in connexion with other proof.”
The jury found a verdict for forty-one dollars damages in favor of the plaintiff below, and the court refused to grant a new trial, whereupon the defendant prosecuted an appeal in error to this court.
However strong our disinclination to disturb the verdict i n this case, we should feel constrained to do so, even were the charge of the court free from exception, on the ground that there is no admissible evidence in the record before us, to warrant or sustain it; and the rather, because we Ihink the direction of the court, in one respect at least, necessarily tended to mislead the jury.
The gravamen of the action, is the alledged fraudulent conversion of certain articles of value contained in the box, not merely the box itself, for that, perhaps, was of little value: and for the value of these articles, as stated in the warrant, a recovery has been had. Upon what evidence ? Simply upon proof of the fact that the defendant below received into his! possession, and refused to ■ deliver the box, as he had undertaken to do, without the semblance of proof that it contained any one *392 of the articles of property described in the warrant, or indeed anything whatever.
The authorities justify great latitude of presumption in a case like the present; but, we think no case can be found, that will maintain the extent to which it has been carried in- this case.
The jury were instructed, that they might look to the warrant in connexion with other proof, to ascertain the value of the articles alledged to have been converted. But there was no “ other proof” in the case, as to value, and they must have understood, from the direction of the court, though probably not so intended, that the value of the goods, as stated in the warrant, was not only admissible but likewise sufficient proof of value, and they must also have taken it for granted, as they well might, that if the statements in the warrant might be looked to as evidence of value, they might also be looked to as evidence of the character, quantity, and quality of the articles charged in the warrant, to have been converted, and also of the main fact, namely, that such articles were in fact contained in the box, and received by the defendant. Upon any other hypothesis the verdict is inexplicable. And, indeed, if the warrant was admissible for. the one purpose, it was equally so for the others. There is no principle upon which it can be admitted as proof of value, and rejected as to the other facts alleged therein. This is just as clear as that it is inadmissible as evidence, of any matter averred therein, to support the plaintiff’s right of recovery, except perhaps, to show the time of the commencement of the suit, and that it regularly issued.
There is the less reason for straining salutary and well •established principles in the present case, because it properly falls within a well established principle — constituting *393 an exception to the almost universal rule in courts of law, by which the oath in litem, as it is known in the civil law, or the party’s own oath, is received as competent testimony, to prove the contents of a box, a trunk, &c„ and the value thereof, violated under the circumstances alleged to exist in this case. This exception, however, has been admitted “ from the extreme necessity of the case,” and is confined by the common law to cases, where, from their own nature, no other evidence of the contents, or value of the goods is attainable; because it is exceedingly improbable that any other person, than the party injured, should possess any knowledge of the facts.
But, in the language of Mr. Starkie, “the law has justly been jealous of any extension of this rule, and ^ts operation has consequently been very limited in practice.” 1 Starkie Evi., 120; 1 Greenleaf’s Evi., sec. 248, 350; Story on Bail., sec. 454; (3d edition) 10 Watts’ Rep., 335, 337.
We are of opinion, that there is error in this record, and, therefore, reluctantly order, that the judgment of the Circuit Court be reversed, and the case be remanded for a new trial.